(C.D. 4098)

ARTHUR J. HUMPHREYS v. UNITED STATES

United States Customs Court, Third Division

(Decided October 20, 1970)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General (*Peter Jay Baskin,* trial attorney), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

LANDIS, Judge: This protest involves brick-shaped products called "Kilgard acid straights", "Kilgard acid large straights", and "Kilgard acid keys" imported from Canada into the United States at Sumas, Washington. The invoice letterhead notes that the foreign manufacturer, Clayburn-Harbison of Vancouver, B.C., manufactures refractory products, fire brick, and vitrified sewer pipes. Plaintiff, a customs servicing agent for the importer in this case, Stebbins Engineering Corp. of Seattle, Washington, serviced customs entry of the shipments.

"Kilgard" is the manufacturer's trade name for the imported products. "Straights" are a molded rectangular clay product in the shape of a brick (exhibit 1), nine inches long of varying widths and thicknesses. (Exhibit A.) "Keys" are the same product with the sides chamfered so that the width is gradually narrower from one end to the other. (Exhibit A.) Plaintiff entered the "straights" and "keys", for tariff purposes, as ceramic wares, or articles of such wares, not specially provided for, dutiable at 20 per centum ad valorem under TSUS (Tariff Schedules of the United States) item 536.15. Customs liquidated the entries (there are four in this protest) "as entered", under TSUS item 536.15. Plaintiff now protests that the customs liquidation under TSUS item 536.15 was improper. 10 U.S.C., section 1514.

The protest, couched in the alternative, claims that the "straights" and "keys" are properly dutiable at either 50 cents per 1,000 pieces, as ceramic bricks under TSUS item 532.11; or, at 3 per centum ad valorem, as refractory and heat insulation bricks under TSUS item 531.27, or at 15 per centum ad valorem, as other construction articles under TSUS item 532.61. Plaintiff having cited and briefed only the claim under TSUS item 532.11, we do not reach the alternative claims and conclude they are abandoned. *D. N. & E. Walter Co., et al.* v. *United States,* 44 CCPA 144, 146, C.A.D. 652 (1957).

Preliminarily, we note that TSUS item 536.15, against which this protest is directed, is one of the "basket" provisions in subpart E, part 2 of schedule 5. It embraces or classifies, so to speak, all ceramic ware or articles of such ware not covered elsewhere in the tariff schedule.[1] If these "straights" and "keys" are ceramic bricks specially provided for in TSUS item 532.11, it follows that they were improperly assessed with duty under TSUS item 536.15, as ceramic ware not specially provided for. On that note, we come to defendant's contention that in the context of subpart B, where TSUS item 532.11 appears in part 2, schedule 5, the imported "straights" and "keys" are not ceramic bricks. The complete text of subpart B, entitled "Ceramic Construction Articles", is as follows:

Subpart B. – Ceramic Construction Articles

Subpart B headnotes:

1. This subpart does not include—
   (i) refractory and heat-insulating articles (see subpart A of this part) ; or
   (ii) laboratory and industrial chemical ware, electrical ware, and sanitary ware and parts thereof (see subpart D of this part).

2. For the purposes of this subpart—

(a) no article 1.25 inches or more in thickness shall be regarded as a tile; and

(b) the term "construction articles" means ceramic ware and articles of such ware such as, but not limited to, bricks, tiles, friezes, mantels, sewer and drain pipes and fittings therefor, flue linings, and hollow building blocks, chiefly used in the construction of buildings and other structures.

Ceramic bricks:

| | | |
|---|---|---|
| 532.11 | Not coated in whole or in part with engobe, glaze, or enamel_____ | 50¢ per 1,000 |
| 532.14 | Coated in whole or in part with engobe, glaze, or enamel_____ | * * * |

---

[1] Tariff Classification Study, Schedule 5, page 96.

Ceramic tiles:
    Floor and wall tiles:

| | | |
|---|---|---|
| 532.21 | Mosaic tiles_____ | * * * |
| | Other: | |
| 532.24 | Glazed _____ | * * * |
| 532.27 | Other _____⌐_____ | * * * |
| 532.31 | Other tiles, including roofing tiles_____ | * * * |
| 532.41 | Friezes, mantels, and other construction articles, all the foregoing, of ceramic tiles___ | * * * |
| 532.61 | Other construction articles_____ | *⁻* * |

Defendant contends that the subpart B title "Ceramic Construction Articles", read with the headnote definition of "construction articles", means that all the TSUS items classified under subpart B, including "ceramic brick", must be ceramic ware, or articles of such ware, chiefly used in the construction of buildings and other structures. Plaintiff argues that the tariff designation "ceramic bricks" in TSUS item 532.11 is not limited to those chiefly used in the construction of buildings and other structures, and in its reply brief points out that for the purpose of the tariff schedules:

> [T]he titles of the various schedules, parts, and subparts and the footnotes therein are intended for convenience in reference and *have no legal or interpretative significance* * * *.[2] [Emphasis added.]

The tariff term "ceramic bricks" in TSUS item 532.11 is an *eo nomine* designation. Ordinarily an *eo nomine* designation, with no terms of limitation, includes all forms of the named article. *United States* v. *Williams Clarke Co., etc.*, 50 CCPA 67, C.A.D. 822 (1963). Whether or not the *eo nomine* designation "ceramic bricks" is limited to those chiefly used in the construction of buildings and other structures, as specified in subpart B headnote 2(b), and as argued by defendant, we need not decide. On the facts of record, as hereinafter set forth, we find that the imported "straights" and "keys" are ceramic bricks; that they were used in the construction of structures, and sustain the protest.

Exhibit 1, the representative sample of a "straight" is in the shape of a brick. Exhibit A confirms that fact and also the fact that "keys" are a shape of brick. It is stipulated that exhibit 1 is a ceramic article and we accept the stipulation to refer to ceramic articles as defined in TSUS, schedule 5, part 2, headnote 2(a). The record establishes that the imported "keys" are of the same material and composition as exhibit 1. These "straights" and "keys" are then, as a matter of fact, ceramic brick.

---

[2] General Headnotes and Rules of Interpretation 10(b).

Defendant concedes that the evidence establishes that the imported "straights" and "keys" are "primarily used as linings for various types of tanks or vessels used in connection with the pulp and paper industry." (Defendant's brief, page 6.) Except to find that the ceramic bricks are joined with mortar to line tanks and vessels thirty to fifty feet high, designed to hold liquid, we need weigh the record no further. For we are of the opinion that tanks and vessels, thirty to fifty feet high, are structures. *Humble Oil & Refining Co., et al.* v. *United States*, 40 Cust. Ct. 330, C.D. 2003 (1958), reversed on other grounds, *United States* v. *Humble Oil & Refining Co., et al.*, 46 CCPA 138, C.A.D. 717 (1959). Defendant's attempt to read into the tariff term "ceramic bricks" the limiting phrase "chiefly used in the construction of [both] buildings and other structures" suggests a construction that is not supported by any cited legislative history, and, in our opinion, is much too vague and speculative to warrant extended discussion. We have already found that the imported ceramic bricks are used in the construction of a structure which is sufficient to meet defendant's basic argument that the chief use limitation defining the tariff term "construction articles" applies also to the *eo nomine* designation "ceramic bricks".

The protest claim under TSUS item 532.11 is sustained.

Judgment will be entered accordingly.